```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**THOMAS C. BLOOM,**

    **Plaintiff,**

**v.**  //  **CIVIL ACTION NO. 1:13CV128**
                                      **(Judge Keeley)**

**THE BOARD OF EDUCATION OF**
**MONONGALIA COUNTY, BARBARA L.**
**PARSONS, MICHAEL L. KELLY, RON**
**LYTLE, NANCY WALKER, CLARENCE**
**HARVEY, JR., and FRANK M. DEVONO,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER
## ADOPTING REPORT AND RECOMMENDATION [Dkt. No. 75]

Pending before the Court is the Magistrate Judge's Report and Recommendation, (dkt. no. 75), concerning the amended motion for preliminary injunction, (dkt. no. 12), filed by the plaintiff, Thomas C. Bloom ("Bloom"). For the reasons that follow, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation.

**I.**

On April 11, 2013, Bloom filed suit in the Circuit Court of Monongalia County seeking a preliminary and permanent injunction against the defendants for alleged violations of his First Amendment rights of speech and association, analogous rights guaranteed by Articles III and IV of the West Virginia Constitution, and his right to equal protection under the laws guaranteed by the Fourteenth Amendment to the United States Constitution and Article IV of the West Virginia Constitution.

**BLOOM V. THE BD OF EDUC. OF MON. CTY., ET AL.**  1:13CV128

## MEMORANDUM OPINION AND ORDER
## ADOPTING REPORT AND RECOMMENDATION

The defendants removed the action to this Court in accordance with 28 U.S.C. §§ 1331, 1441, and 1446 on April 25, 2013. On April 29, 2013, pursuant to Federal Rule of Civil Procedure 65, Bloom filed a motion for preliminary injunction, which he later amended on May 15, 2013. Bloom seeks an injunction enjoining the defendants from interfering with his ability to attend County Commission meetings and related activities of the Commission during school hours. (Dkt. No. 4 at 1).

The Court referred Bloom's motion to United States Magistrate Judge John S. Kaull for initial screening and a Report and Recommendation ("R&R") in accordance with LR PL P 2. The magistrate judge held a hearing on the motion on September 12, 2013, and later issued a R&R on October 2, 2013. In the R&R, the magistrate judge recommended that Bloom's request for preliminary injunctive relief be denied, inasmuch as Bloom had failed to clearly establish his entitlement to the relief he is seeking. (Dkt. No. 75 at 28).

Bloom filed objections to the R&R on October 2, 2013, (dkt. no. 76), in which he contends that the magistrate judge improperly denied his motion because he misinterpreted the defendants' flex-time and leave provisions, failed to consider the inherent nature of a guidance counselor's job, misconstrued W.Va. Code § 18-5-

18b(f), and misunderstood the parties' First Amendment claims. After conducting a de novo review of the portions of the R&R to which Bloom objects, the Court concludes that Bloom's objections are without merit.

## II.

Bloom has been employed by the defendant, Monongalia County Board of Education ("the Board"), since August 22, 1977. From 1977 until 2013, he served as a guidance counselor at University High School ("UHS"). In 2012, he was reassigned to Morgantown High School ("MHS"), where he is presently employed.

Prior to the November 6, 2012 general election in Monongalia County, Bloom conveyed his plans to run for an open seat on the Monongalia County Commission ("County Commission") to his employer. He was elected to serve as Monongalia County Commissioner and assumed that office on January 2, 2013. Bloom alleges that, since his election, the Board has been unwilling to allow him to take unpaid leaves of absence or "flex-time" in order to attend weekly County Commission meetings, which occur during the school day on Wednesdays.

In an effort to accommodate Bloom, the County Commission pushed back its meetings from 10:00 a.m. to 3:00 p.m. on

Wednesdays. Due to the fact that these meetings sometimes lasted until after 5:00 p.m. and County Commission staff were unable to receive overtime, the County Commission decided to move its meetings to 1:00 p.m. on Wednesdays. The Board, however, continues to refuse to allow Bloom to take unpaid leave or flex-time in order to attend these weekly County Commission meetings. It bases its decision on the fact that there are "no Monongalia Board of Education policies that permit full-time employees to unilaterally elect to take time off without pay for the purpose of attending to outside activities." Plaintiff's Exhibit 11. Bloom therefore is not entitled to leave work during the school day to attend to his outside duties. He argues that, at bottom, the Board's denial of his request constitutes a violation of his constitutional rights.

### III.

In order to obtain a preliminary injunction, Bloom must establish the following:

> (1) that he is likely to succeed on the merits,(2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest.

Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346 (4th Cir. 2009), vacated on other grounds, 130 S.Ct. 2371. Bloom bears the burden of satisfying each of the four elements with a "clear showing" that he is entitled to the extraordinary relief he seeks. Id. at 346. Contrary to Bloom's arguments, he has not adequately established the elements necessary to obtain a preliminary injunction.

**IV.**

**A.**

As to Magistrate Judge Kaull's findings on Bloom's First Amendment claims, Bloom argues that the magistrate judge misunderstood and improperly weighed each party's First Amendment arguments. These objections are without merit.

Contrary to Bloom's objection, Pickering v. Board of Education, 391 U.S. 563 (1968), is directly applicable to this case. Pickering applies to First Amendment cases involving public employees, and no other case is squarely on point.

Pickering provides that, in determining whether a public employee has a cause of action for an alleged violation of his First Amendment rights, a Court must balance "the interests of the [public employee], as a citizen, in commenting upon matters of

5

public concern and the interest of the [government], as an employer, in promoting the efficiency of the public services it performs through its employees." Pickering, 391 U.S. 563. This test requires the Court to determine whether, after accepting all of Bloom's well-pleaded allegations in his Complaint as true, and drawing all reasonable factual inferences from those facts in his favor, Bloom's alleged First Amendment violations are a consequence of his speech as a citizen concerning a matter of public concern, or as an employee about a matter related to his employment contract or of other personal interest. If the Court determines that Bloom's claims center on a matter of private rather than public concern, then the analysis stops there and the Court must reject Bloom's First Amendment claims. If, however, the Court determines that Bloom's claims center on a matter of public concern, then it must perform a balancing test and determine whether Bloom's interests outweigh those of the Board. Id.

Bloom's argument that his First Amendment claims involve a matter of public concern is unpersuasive. "Speech involves a matter of public concern if it affects the social, political, or general well-being of a community." Edwards, 178 F.3d at 246. "Personal grievances, complaints about conditions of employment, or

6

expressions about other matters of personal interest do not constitute speech about matters of public concern that are protected by the First Amendment." Id.

The First Amendment claims in this case involve a private dispute between employer and employee. The gist of the claims deal with Bloom's employment contract with the Board, not his protected rights to free speech and association. Bloom presents no evidence that the Board retaliated against him due to the speech he would be engaging in through his work for the County Commission.

Bloom argues that the Board's refusal to allow him to attend County Commission meetings during the school day impinges on his rights to free speech and association. However, this is a situation that Bloom, not the Board, has created. His decision to hold two jobs with conflicting hours has put him in the bind he confronts today. The Board's denial of Bloom's request was based solely on its desire to have a guidance counselor on duty at all times during the school day, not to infringe on Bloom's constitutional freedoms.

This case is distinguishable from those where courts have found that a public employee's First Amendment rights were violated by their employer. In Edwards vs. City of Goldsboro, 178 F.3d 231

(4th Cir. 1999), for instance, the Court found that the plaintiff, a sergeant police officer, had a viable First Amendment freedom of speech claim when his employer's denied allowing him to hold a second job teaching a concealed weapons safety course. In finding for the plaintiff, the Court explained that Edward's employers specifically denied his request to hold a second job due to the message he would be sending as a police officer teaching a concealed weapons course. Id. Here, by contrast, Bloom has not alleged that the Board has been unsupportive of any message Bloom might be sending through his position with the County Commission. Rather, the Board is concerned with Bloom's ability to adequately fulfill his employment contract.

Because Bloom's First Amendment claims do not involve a matter of public concern, the Court need not perform the Pickering balancing test to determine whether Bloom's First Amendment interests outweigh the Board's interest in having him on duty at all times during the school day. Pickering, 391 U.S. at 563. The Court notes, however, that Bloom's claims would also fail under this balancing test.

Contrary to Bloom's objection, his interest in attending County Commission meetings does not outweigh those interests of the

Board. As evidenced by the recent tragedies that have occurred at Monongalia County high schools, the Board has a compelling interest in making sure that its schools have a guidance counselor present at all times during the school day. Bloom's County Commission position would require him to spend at least two hours a week away from school for meetings, in addition to any additional work he may have to perform for the job. Neither Bloom nor the school board can predict when a crisis will occur that requires the immediate attention of a guidance counselor (Dkt. No. 17 at 10). Thus, Bloom's First Amendment claims also fail to satisfy the <u>Pickering</u> balancing test.

In sum, given that Bloom has failed to clearly establish that he is likely to succeed on the merits of his First Amendment claims, the Court adopts Magistrate Judge Kaull's recommendation and declines to grant Bloom a preliminary injunction on the alleged violation of his rights under the First Amendment.

**B.**

Bloom does not object to Magistrate Judge Kaull's findings on his Fourteenth Amendment claim. For the reasons that follow, the Court finds no clear error with Magistrate Judge Kaull's

recommendation declining to grant Bloom a preliminary injunction based on his Fourteenth Amendment claim.

In his complaint, Bloom alleges that the Board's refusal to allow him to take flex-time or unpaid leave to attend County Commission meetings equates to a deprivation of his rights to due process and equal protection of the law secured by the Fourteenth Amendment. (Dkt. No. 1 at 76). However, Bloom has failed to establish by a clear showing that he is likely to succeed on his Fourteenth Amendment claim.

Significantly, Bloom does not allege that his Fourteenth Amendment rights are being violated because he is a member of a protected class. Rather, he bases his equal protection claim on a "class of one" theory, arguing that the Board is singling him out and treating him differently from other employees. "Class of one" cases involve situations where a plaintiff claims he has been treated differently from others similarly situated, and no rational basis exists for the disparate treatment. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Bloom's claims are subject to rational basis scrutiny. Engquist v. Oregon Dep't of Agr., 553 U.S. 591, 602 (2008). Thus, in order to survive such scrutiny, Bloom must establish that the

Board's denial of his request to attend County Commission meetings and related activities during work hours is not "rationally related to a legitimate government purpose." Williamson v. Lee Optical, 348 U.S. 486 (1955). Any conceivable purpose not prohibited by the Constitution will pass this scrutiny. Id.

In his complaint, Bloom argues that there is no rational basis for the defendants to deny him the ability to take flex-time and unpaid leave in order to attend County Commission meetings and activities. (Dkt. No. 1 at 15). The defendants, however, have provided the Court with a sufficient basis for their denial of Bloom's request. They assert that granting Bloom's request would pose a "material hardship to the operation of the school and to the students" due to a "compelling need for school counselors to be present for a large percentage of the school day in order to attend to the orderly operation of the school and its students." (Dkt. No. 17 at 24).

Defendants' explanation provides a rational basis for the denial of Bloom's request. In contrast to other school employees, guidance counselors do not have concrete schedules or responsibilities. They may be called on at any time on any day for a variety of reasons. If, for instance, a student is in need of

Bloom's guidance during the time he is away at County Commission meetings and unable to respond, that student would be harmed as a consequence of Bloom's absence. Thus, the unique nature of his job provides the Board with a legitimate basis for denying Bloom's request to leave work during school hours.

This case is distinguishable from other "class of one" cases where courts have granted a plaintiff's equal protection claim. In those cases, the defendants could not provide any constitutional justification for treating the plaintiff differently from others similarly situated. See Village of Willowbrook, 528 U.S. at 562; Sioux City Bridge Co. v. Dakota County, 260 U.S. 441 (1923); Allegheny Pittsburgh Coal Co. v. Commission of Webster Cty., 488 U.S. 336 (1989). Here, by contrast, the Board has provided a legitimate justification for treating Bloom differently from other employees–namely, his unique role as guidance counselor.

Thus, because Bloom has failed to clearly establish that he is likely to succeed on his Fourteenth Amendment claim, the Court adopts Magistrate Judge Kaull's recommendation and denies Bloom's motion for preliminary injunction based on the Fourteenth Amendment.

**C.**

**BLOOM V. THE BD OF EDUC. OF MON. CTY., ET AL.                    1:13CV128**

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION**

The Court acknowledges Bloom's objections that 1) the magistrate judge failed to properly consider the plain language of the Board's leave policies; 2) the magistrate judge failed to consider the inherent nature of a high school guidance counselor's job; and 3) the magistrate judge misinterpreted W.Va. Code § 18-5-18b(f). (Dkt. No. 76 at 2-7). However, these objections are irrelevant to the Court's determination of whether a preliminary injunction is warranted in this case.

None change the Court's findings on whether Bloom is entitled to a preliminary injunction based on his federal constitutional claims. Regardless of the language in the school's leave policy, the nature of a guidance counselor's job, or the true interpretation of W.Va. Code § 18-5-18b(f), Bloom cannot establish that the Board has violated his First or Fourteenth Amendment rights. The fact remains that the Board has a valid, constitutional basis to deny Bloom's request to leave work during school hours to attend County Commission meetings.

Moreover, Bloom's objections on these issues are without merit. He contends that the magistrate judge failed to properly consider the plain language of the Board's leave policies, and that the policies are worded such that they allow him to utilize flex-

13

time and unpaid leave in order to attend to County Commission duties. However, as both parties agree, it is ultimately within the discretion of the Board to determine those circumstances where an employee may take flex-time or unpaid leave. In this instance, the Board determined that it would not allow an employee to take leave in order to attend to the duties of an outside job. That decision is rationally based and the Court therefore finds that the Board validly denied Bloom's request.

Bloom also contends that the magistrate judge failed to properly consider the nature of a guidance counselor's job. He asserts that guidance counselors have great flexibility in their work, making it unnecessary for them to be around for the entire school day. Again, it is for the Board, not Bloom, to decide when it needs its employees on duty. When Bloom entered into his employment contract with the Board, he agreed to be at work during school hours. He cannot now unilaterally change the terms of that contract in order to accommodate his new position.

Additionally, Bloom asserts that the magistrate judge misconstrued W.Va. Code § 18-5-18b(f). He claims that the statute does not, in fact, require guidance counselors to spend 75% of the actual school day performing counseling duties. Rather, he believes

14

the statute should be construed to include the time when he is working outside of normal school hours.

Despite his argument, the statute unambiguously provides that a counselor shall spend 3/4 of the school day performing counseling duties and 1/4 or less of the day performing administrative duties. W.Va. Code § 18-5-18b(f). Bloom's duties as a County Commissioner do not fall under either of these categories. Thus, based on the plain language of the statute, the Court finds that the magistrate judge accurately interpreted W.Va. Code § 18-5-18b(f).

Bloom's objections that the magistrate judge misinterpreted the Board's flex-time and leave provisions, failed to consider the inherent nature of a guidance counselor's job, and misconstrued W.Va. Code § 18-5-18b(f) are wholly without merit and fail to persuade the Court that a preliminary injunction is warranted in this case.

**D.**

Finally, Bloom objects to Magistrate Judge Kaull's conclusion that the doctrine of qualified immunity doctrine is applicable to his preliminary injunction motion. The Court agrees with Bloom that the doctrine is inapplicable at this stage; the qualified immunity doctrine immunizes government officials sued in their

15

individual capacities for monetary, not the injunctive, relief Bloom seeks here. Harlow v. Fitgerald, 457 U.S. 800, 818 (1982); Pritchett v. Alford, 973 F.2d 307, 312 (4th Cir. 1992). Nevertheless, the inapplicability of the qualified immunity doctrine in no way advances any of Bloom's claims. His preliminary injunction motion still fails for the reasons already discussed. Accordingly, the Court **OVERRULES** Bloom's objections to the R&R.

**V.**

In conclusion, Bloom has failed to establish the elements required to obtain a preliminary injunction. The Court therefore:

1. **OVERRULES** Bloom's objections to the Report & Recommendation (dkt. no. 76);

2. **ADOPTS** the Report and Recommendation (dkt. no. 75); and

3. **DENIES** Bloom's motion for preliminary injunction. (Dkt. No. 12).

If Bloom should desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within (30) days from the date of the entry on the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure.

It is so **ORDERED.**

**BLOOM V. THE BD OF EDUC. OF MON. CTY., ET AL.**  1:13CV128

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION**

The Court directs the Clerk to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: November 8, 2013

<pre>                              /s/ Irene M. Keeley
                              IRENE M. KEELEY
                              UNITED STATES DISTRICT JUDGE</pre>